TURNER & SALISBURY v. JEREMIAH ROSS.

A statute of Rhode Island provides that " whenever any copartnership shall be dissolved, it shall and may be lawful for any individual, who was embraced in such copartnership, to make a separate composition, or compromise, with any one, or all, of the creditors of such copartnership; and such composition or compromise, shall be a full and effectual discharge to the debtor making the same, of the whole of said debt, and be taken and considered, in reference to the other copartners, as actual payment of such debtor's proportion of the debts, whether the full amount of his proportion of said debt be actually paid or not." The statute also saves the creditor's action (notwithstanding this discharge) against the other copartners for the balance due.

It was *held*, that a payment and compromise made by any one copartner, as provided by the above statute, is wholly on his own individual account, and is not such an acknowledgment of indebtedness as will bind the other copartners in reference to the statute of limitations.

As a general rule, a partial payment, made by one of several joint promisors, is necessarily a payment for the benefit of all, and is a renewal of the original promise, as against all.

THIS was an action of assumpsit, to which was pleaded the statute of limitations, and the facts, as stated in the declaration, are given in the opinion of the Court, delivered by

DURFEE, C. J. — It is agreed that the facts set forth in the declaration, are the facts which make this case. They are substantially as follows:

The defendant, Gideon Gurnett, and John F. Jolls, were copartners, doing business in the city of Providence. On the first day of October, A. D. 1837, for a valuable consid-

eration, they gave their promissory note to the plaintiffs for the sum of forty-seven dollars and ninety-nine cents, payable sixty days after date. Afterwards, the partnership was dissolved. On the 29th day of August, A. D. 1839, and after the dissolution, the plaintiffs made a composition or compromise, with Gurnett, and discharged him from all individual liability on the note, according to the provisions of the "act for the relief of partners and joint debtors." On the 27th day of May, 1841, the plaintiffs made a like composition or compromise with Jolls, and in like manner discharged him, pursuant to the provisions of the same act, leaving Ross, the defendant, the only one of the three partners not discharged, against whom, by the saving provisions of the third section of said act, the plaintiffs are enabled to bring this action.

These facts appearing in the declaration, the defendant pleaded the statute of limitations in bar to the action; and now it is agreed, that if the court be of opinion that the above-mentioned payments, or either of them, amount to a renewal of said note, the defendant will submit judgment for the balance due thereon, and if not, the plaintiff will submit judgment for costs.

The question thus raised has been briefly, though well argued on authority; but we apprehend that, since the several payments were made, and the discharge given, and the action itself saved to the plaintiffs only under and by force of the statute mentioned, the question must be regarded as a new one, and must be decided with little aid from authority. The cases in which it was held, that payments made by the assignees of bankrupts operated a renewal of contracts, have indeed a bearing on the question; but this court, some years since, in the case of *Reed* v. *Johnson*, (Ante,) decided that an insolvent debtor's assignee, appointed under the insolvent

8*

act, did not, by the payment of dividend due on the insolvent's note, though made before it was barred by the statute, thereby renew it. This decision relieves the court from the necessity of giving a more particular consideration to the cases which are supposed to have the most direct bearing on the point in issue, and enables it to consider the question independent of the authorities cited, and with reference only to the statute under which the payments were made, and the discharge obtained.

The reason why a partial payment of a note by one of a number of joint promisors amounts to a renewal of the promise, or to an acknowledgment by all of a subsisting debt, is, that they are originally jointly liable on their joint promise. Independently of any statute, the contract is joint and indivisible, and so is the debt, and so likewise is the liability down to the least supposable sum that may remain due. Any payment made by one is, therefore, necessarily a payment for the benefit of all; and so also any act done by either, touching this joint liability, affects the liability of all, as if all were one. Now, since a partial payment is unavoidably an acknowledgment of a subsisting debt, it is, of necessity, also an acknowledgment, not only for *him who* makes the payment, but for all *his* co-promisors; and it is so, not only from the nature of the original promise, but also from the form of the action which is given to enforce its performance; for the action can be sustained only against all. But the statute under which these payments have been made provides for a composition, or compromise, and, to that end and for that purpose, severs the debt, the liability, the discharge, and the action. This at least it does in effect. It provides, in the first section, that "Whenever any copartnership shall be dissolved, it shall and may be lawful for any individual, who was embraced in such copartnership, to make a separate

composition, or compromise, with any one or all of the creditors of such copartnership, and such composition or compromise shall be a full and effectual discharge to the debtor making the same of the whole of said debt, and be taken and considered, in reference to the other copartners, as actual payment of such debtor's portion of the debt, whether the full amount of his proportion of said debt be actually paid or not." The second section provides that a note or memorandum in writing, exonerating the debtor from all individual liability incurred by reason of such connection with such copartnership, may be given in evidence in bar of the creditor's right of recovery ; and the third section saves the creditor's action (notwithstanding this discharge) against the other co-promisors for the balance due.

It is thus apparent, that the debtor, in making this composition or compromise, proceeds and is authorized to proceed, wholly on his own individual account. By an agreement with the creditor he severs the debt to the extent of his payment, he severs the liability by obtaining the creditor's discharge, and he leaves the action to be sustained against the remaining promisors for the balance due, not by force of common law on the original promise, nor for any new promise made by him, (for he is discharged,) but by force of the statute only on the contract as it has been left by the compromise with the individual debtor. The ground on which the joint promisor renews the contract for all by a partial payment, is thus entirely removed. The discharged debtor makes no new promise for himself, and of course can make none for others. An act, which changes the parties to the contract, and would absolutely discharge it but for the special provisions of the statute, can in no sense renew the *original* contract, nor make one *entirely new* to bind those who

Turner & Salisbury *v.* Ross.

neither are, nor can be, parties to the transaction either in fact or by implication.

We are therefore of opinion, that the facts upon which the plaintiffs rely, are not such as to take the demand out of the statute of limitations.